UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN INSTITUTIONAL REVIEW BOARD, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>CHRISTOPHER L. JENKINS, an individual and Texas resident,<br><br>  Defendant. | CASE NO. 3:17-cv-05523-BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY SECOND-FILED ACTION AND DENYING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY |

This matter comes before the Court on Defendant Christopher L. Jenkins's ("Jenkins") motion to dismiss or, in the alternative, stay second-filed action (Dkt. 10) and Plaintiff Western Institutional Review Board, Inc.'s ("WIRB") motion to expedite discovery (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Jenkins's motion in part and denies it in part and denies WIRB's motion for the reasons stated herein.

**I. BACKGROUND**

The facts necessary to resolve the pending motion are largely undisputed.

**A.  The 2013 Contract**

On November 4, 2013, Jenkins, as "Employee" and as "Company," executed an Employee Confidentiality, Invention Assignment, and Restrictive Covenant Agreement

ORDER - 1

("the 2013 Contract"). Dkt. 1 at 10, 14. Section 3 to the 2013 Contract, "Restrictive Covenants," provides:

> 3) <u>Restrictive Covenants</u>.
> a. <u>Non-Compete</u>. Employee acknowledges that in the course of employment with the Company Group [defined as "the Company or any of its affiliates"], Employee has become familiar and/or will become familiar with the Company Group's trade secrets and with other Confidential Information and that Employee's services have been and/or will be of special, unique and extraordinary value to the Company Group. Therefore, Employee agrees that, in consideration of Employee's employment with the Company Group, for the period beginning on the date hereof and ending on the two year anniversary of the date of termination . . . Employee shall not directly or indirectly own, manage, control, participate in, consult with, render services for, operate or in any manner engage . . . in any business in the world that . . . may reasonably be construed to be competitive with the business of the Company Group[.]
> b. <u>Non-Solicit</u>. For the period on the date hereof and ending on the three year anniversary of the date of termination . . . Employee agrees that he or she will not . . . (i) call on or solicit any person or entity who or which is, at that time, or has been within one year prior thereto, a customer or prospect of the Company Group[.]

*Id*. at 11, 12.

Section 4, "Miscellaneous," to the 2013 Contract includes an integration clause, subsection (d), and a venue and choice of law clause, subsection (e), as follows:

> d) This Agreement expresses the entire agreement of the Parties with respect to the subject matter hereof.
> e) This Agreement is to be governed by and construed according to the laws of the State of Washington without regard to its conflict of laws provisions. Any suit or proceeding arising from the subject matter of this Agreement shall only be brought in the state or federal courts located in the county in which the Company is headquartered, in the State of Washington. The Parties agree that such a venue is appropriate and waive any and all rights to contest the exclusive personal jurisdiction and venue of such courts.

Dkt. 1 at 13.

**B.     The 2015 Contract**

In approximately November 2015, Jenkins ceased full-time employment and transitioned to employment as an independent contractor. On December 14, 2015, Jenkins, as "Contractor," and WIRB's parent company, WIRB—Copernicus Group, as "Company," executed a Contracted Services Agreement ("the 2015 Contract"). Dkt. 23 at 16. Under "Miscellaneous Provisions," the 2015 Contract includes the following non-compete and non-solicit terms:

> g) <u>Restrictive Covenants</u>. During the Term of any SOW [Statement of Work], and for one (1) year thereafter, Contractor shall not (i) provide any services for any individual or entity to whom Contractor provided Services pursuant to such SOW or to whom Contractor has been introduced as a result of its relationship with Company (each a "Company Customer"), or (ii) solicit, directly or indirectly, any Company Customer, in each case without the prior written consent of Company; provided in each instance that Contractor did not independently have a relationship with such Company Customer in advance thereof.

An integration clause to the 2015 Contract provides:

> k) <u>Entire Agreement</u>. This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes all other prior oral or written understandings and agreements between the Parties.

Dkt. 23 at 16. The 2015 Contract, unlike the 2013 Contract, does not include a choice of law and venue clause.

**C.     The Release Letter**

In July 2016, Jenkins began employment as the Director of the Office of Research Support at the University of Texas at Austin. On November 23, 2016, Jenkins and Alan

ORDER - 3

Lefkowitz, Chief Legal Officer to WIRB Copernicus Group, executed a release ("the Release Letter") that reads in part:

> Reference is made to that certain Employee Confidentiality, Invention Assignment, and Restrictive Covenant Agreement dated as of 11.4.13 (the "Agreement") pursuant to which you are bound to non-compete against Western Institutional Review Board, Inc. and its affiliates (collectively "Company") pursuant to the provisions thereof. We hereby notify you that effective immediately, the Company hereby releases [*sic*] from such non-compete obligations.

Dkt. 10-1 at 42. The parties dispute verbal representations made surrounding the execution of the Release Letter, but in email correspondences between Jenkins and Mr. Lefkowitz prior to its execution, Jenkins thanked Mr. Lefkowitz for "consideration for this [release] in respects to my position at UT along with issuing the RFP for which WCG [WIRB Copernicus Group] can pursue without any potential conflict or impropriety." Dkt. 10-1 at 41. Making use of an emoticon, Mr. Lefkowitz commented, "I just ask you to please not do not [*sic*] switch jobs in any time soon that would make me regret this☺[.]" *Id*. at 39.

**D.      Clinical Biosafety Services, LLC**

On February 6, 2017, Jenkins received notice from the University of Texas that his employment would be terminated on March 5, 2017. On February 22, 2017, Jenkins filed a Certificate of Formation with the Texas Secretary of State to begin a new business, Clinical Biosafety Services, LLC. Dkt. 10-1 at 49. Clinical Biosafety Services thereafter contracted with ViroMed, a former client to WIRB. (The circumstances of the ViroMed contract are disputed by the parties but are inconsequential to this motion.)

E.  **Related proceedings in the District Court of Travis County, Texas**

On May 17, 2017, WIRB and WIRB-Copernicus Group filed suit as co-plaintiffs against Jenkins and Clinical Biosafety Services, seeking a temporary restraining order, temporary injunction, and permanent injunction from a District Court in Travis County, Texas. Dkt. 10-2. (Jenkins is a resident of Texas.) The introduction to the Texas motion summarizes the purpose of the motion:

> This case involves a knowing and intentional violation of written non-solicitation and confidentiality agreements, which Plaintiffs respectfully request that the Court immediately restrain in order to prevent Plaintiffs from being irreparably harmed. . . . Contrary to the express terms of Jenkins' 2015 Contracted Services Agreement—which prohibits him from directly or indirectly soliciting or performing services for Plaintiffs' customers and disclosing or using confidential information—Defendant Jenkins formed a new company . . . and not only has solicited Plaintiffs' customers and actually performed work for at least one customer, but also has misappropriated Plaintiffs' proprietary forms . . . .

Dkt. 10-2 at ¶8.

The District Court of Travis County, Texas, granted the co-plaintiffs' request for a temporary restraining order, which was ex parte, but less than two weeks later, on May 30, 2017, the same court denied the request for a temporary injunction. The case remains pending.[1]

F.  **Pending motion in the instant case**

This case originates from Jenkins's alleged breach of the 2013 Contract. *See generally*, Dkt. 1. Jenkins seeks dismissal of the case, or in alternative, a stay, on three

---

[1] This procedural information was obtained via telephone conversation on September 6, 2017 with the Staff Attorney to the 419th Judicial District to the District Court of Travis County, Texas.

legal bases: the "first to file" rule, forum non conveniens, and the *Colorado River* abstention doctrine. Dkt. 10 at 9-15. Jenkins also raises lack of personal jurisdiction, arguing that the sole basis for personal jurisdiction over him is the 2013 Contract, which is not enforceable. According to Jenkins, the 2013 Contract is not enforceable because: (1) the 2015 Contract supersedes the 2013 Contract, given the 2015 Contract's integration clause, (2) Jenkins was released from the 2013 Contract by CLO Lefkowitz's Release Letter, and (3) the 2013 Contract was not supported by valid consideration in the first place. *Id*. at 15, 16; Dkt. 25 at 2-8.

## II. DISCUSSION

A district court has discretionary power to stay its proceedings. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir.2005). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). This is best accomplished by the court's "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254–55. When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis,* 299 U.S. at 254–55); *see also Lockyer,* 398 F.3d at 1109.

Applied here, the Court elects to exercise its discretion to stay these proceedings for a duration of 90 days. The purpose of the stay is for the parties to resolve the issue of whether the 2015 Contract supersedes the 2013 Contract. Addressing this issue requires interpretation of the 2015 Contract, which is before the District Court of Travis County, Texas, not this Court.

The stay is justified on multiple grounds. Resolving the issue of whether the 2015 Contract supersedes the 2013 Contract may considerably simplify the issues in this case, which will preserve resources for the parties and the Court. The stay will also prevent inconsistent or duplicative findings as the parties litigate the parallel cases. And if the 2015 Contract does not supersede the 2013 Contract, resolving the issue now will allow the parties to litigate this case freely and without concern that their efforts are for naught. Finally, the stay is narrow in duration, just 90 days. *Compare to Dependable Highway Exp., Inc. v. Navigators Inc. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.")

In light of the stay, the remainder of Jenkins's motion is denied without prejudice. Likewise, WIRB's motion is denied because there is no need for expedited discovery at this time.

### III.  ORDER

Therefore it is hereby **ORDERED** that (1) Jenkins's motion to dismiss or, in the alternative, stay second-filed action (Dkt. 10) is **GRANTED in part**, (2) the case is **STAYED** for 90 days and the parties are directed to seek a ruling by the District Court of Travis County, Texas as to whether the 2015 Contract supersedes the 2013 Contract, and

(3) Jenkins's motion is otherwise **DENIED in part without prejudice**, and (4) WIRB's motion (Dkt. 7) is **DENIED**.

Dated this 26th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge