UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN INSTITUTIONAL REVIEW BOARD, INC., a Delaware Corporation,<br><br>       Plaintiff,<br><br> v.<br><br>CHRISTOPHER L. JENKINS, an individual and Texas resident,<br><br>       Defendant. | CASE NO. 3:17-cv-05523-BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Christopher L. Jenkins's ("Jenkins") motion to dismiss (Dkt. 39). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. BACKGROUND**

Plaintiff Western Institutional Review Board, Inc. ("WIRB") is a Delaware corporation with its headquarters in Puyallup, Washington. Dkt. 1. WIRB provides biosafety consulting to private companies and institutions devoted to scientific research.

Jenkins was a resident of St. Louis, Missouri, when he was hired as WIRB's Director of Biosafety in 2012. Dkt. 30-1 at 2. In October 2013, Jenkins's job title changed to Director of Consulting and one month later, on November 4, 2013, Jenkins and WIRB executed an employment agreement ("the 2013 Contract"). Dkt. 1 at 10. The 2013 Contract provided for: (1) a non-compete clause lasting for two years following termination, (2) a non-solicitation agreement lasting for three years following termination, and (3) designation of Washington State as venue and choice of law. Dkt. 1 at 11-13.

In or around November 2015, Jenkins resigned from full-time employment but continued his relationship with WIRB as an independent contractor. On December 11, 2015, the parties executed a Contracted Services Agreement ("the 2015 Contract"), which included non-compete and non-solicit clauses lasting one year following termination. Dkt. 23 at 14 (under "Restrictive Covenants"). In addition, the agreement included an integration clause in which the terms within that contract superseded all other prior oral or written understandings and agreements between WIRB and Jenkins. *Id*. at 15. However, unlike the 2013 Contract, the 2015 Contract did not include a choice of law and venue clause.

In July 2016, Jenkins terminated his relationship with WIRB and relocated to Texas for his new employment with the University of Texas, Austin. On November 23, 2016, Alan Lefkowitz, Chief Legal Officer to WIRB, released Jenkins from the non-compete clause of the 2013 Contract. Dkt. 10-1 at 42. Jenkins claims the release was necessary for him to assist his former employer, WIRB, in securing a contract with his new employer, the University of Texas. Dkt. 10 at 9.

On February 6, 2017, the University of Texas notified Jenkins that his employment would be terminated in the following month. On February 22, 2017, Jenkins formed his own business, Clinical Biosafety Services, LLC ("CBS"). Dkt. 10-1 at 49. CBS thereafter contracted with and provided service for ViroMed, a former client to WIRB.

On May 17, 2017, WIRB filed suit against Jenkins and CBS, seeking a temporary restraining order, preliminary injunction, and permanent injunction from a state trial court in Travis County, Texas ("Texas Court"). Dkt. 10-2. WIRB's complaint alleged that Jenkins violated the 2015 Contract by soliciting new business from WIRB's previous clients and misappropriating WIRB's proprietary forms. The Texas Court granted the temporary restraining order but denied the request for a preliminary injunction.

On July 10, 2017, WIRB filed another complaint against Jenkins in this Court asserting similar claims for breach of contract and misappropriation and misuse of trade secrets. Dkt. 1. The only noteworthy difference between the two complaints is that WIRB alleges Jenkins breached the 2015 Contract in the Texas Court and the 2013 Contract in this Court. *Id*. On August 1, 2017, Jenkins moved to dismiss, or alternatively stay, on grounds of the first-to-file rule, forum non conveniens, the absention doctrine, failure to state a claim, and lack of personal jurisdiction. Dkt. 10. On September 26, 2017, the Court denied Jenkins's motion to dismiss but granted a stay for 90 days so that the parties could seek a ruling by the Texas Court as to whether the 2015 Contract supersedes the 2013 Contract. Dkt. 26. The Court noted that resolving the supersession issue will preserve resources for the parties and avoid "inconsistent or duplicative findings." *Id*.

On January 17, 2018, the Texas Court ruled that the 2015 Contract supersedes the 2013 Contract. Dkt. 40-2. On February 1, 2018, Jenkins moved to dismiss: (1) WIRB's breach of contract and injunctive relief claims because the 2013 Contract is not enforceable, and (2) WIRB's misappropriation and misuse of trade secrets claim because this Court lacks personal jurisdiction over Jenkins. Dkt. 39. On February 20, 2018, WIRB filed an opposition requesting denial of Jenkins's motion to dismiss or, in the alternative, a stay regarding the contract issue because WIRB planned to appeal the Texas Court's ruling. Dkt. 44. On February 23, 2018, Jenkins responded to WIRB's opposition to the motion to dismiss. Dkt. 45. On March 15, 2018, WIRB notified this Court that it no longer seeks to appeal the Texas Court's ruling on the issue of contract supersession. Dkt. 46.

## II.  DISCUSSION

**A.    Breach of Contract**

Jenkins argues that WIRB's breach of contract claim should be dismissed because the 2013 Contract, which this claim is based on, has been superseded and therefore no longer enforceable. Dkt. 39 at 2. In Washington, a plaintiff claiming breach of contract must prove: (1) that a valid agreement existed between the parties, (2) the agreement was breached, and (3) the plaintiff was damaged. *Univ. of Wash. V. Gov't Emps. Ins. Co.*, 200 Wn. App. 455, 467 (citing *Leher v. State, Dep't of Social & Health Servs.*, 101 Wn. App. 509, 516 (2000)).

Here, the inquiry ends at the first step because, once the Texas Court ruled that the 2015 Contract superseded the 2013 Contract, WIRB no longer had a valid agreement to

support its breach of contract claim. *See Doty v. Brunswick Corp.*, 959 F.2d 240 (9th Cir. 1992) (once an agreement is superseded, "it cannot form the basis for a breach of contract claim"). Although the law appears abundantly clear, WIRB argues that "a subsequent contract not pertaining to precisely the same subject matter will not supersede an earlier contract unless the subsequent contract has definitive language indicating it revokes, cancels or supersedes that specific prior contract." *URS Corp. v. Transpo Group, Inc.*, 2015 WL 419021 (W.D. Wash. Jan. 30, 2015) (citations omitted). WIRB is essentially requesting that the Court engage in the exact same analysis that the Texas court engaged in when it determined that the 2015 Contract superseded the 2013 Contract. The Court declines to reevaluate the contracts and will give deference to the state court ruling. Therefore, the Court grants Jenkins' motion and dismisses WIRB's breach of contract claim.

**B.     Personal Jurisdiction**

Next, Jenkins argues that WIRB's remaining claim of misappropriation and misuse of trade secrets should also be dismissed because this Court lacks personal jurisdiction over Jenkins. Conversely, WIRB argues that personal jurisdiction has been established because (1) Jenkins waived his affirmative defense under Fed. R. Civ. P. 12(b)(2), and (2) Jenkins's alleged contacts with Washington creates specific jurisdiction. Dkt. 44 at 2.

First, WIRB contends that Jenkins waived his defense of personal jurisdiction by filing a notice of appearance (Dkt. 6) and by failing to raise the defense in his first motion to dismiss (Dkt. 10). Under Fed. R. Civ. P. 12(h)(1), "a defendant waives any personal

jurisdiction defense he might otherwise have if he does not raise it in a responsive pleading or in a motion to dismiss that precedes the responsive pleading." *Freeney v. Bank of America Corporation*, 2015 WL 4366439, *19 (C.D. Cal. Jul. 16, 2015). However, a defendant's notice of appearance prior to filing a motion to dismiss does not constitute a waiver of personal jurisdiction, as long as the defense is raised in an instant motion to dismiss or the first responsive pleading. *See Coe v. Philips Oral Healthcare Inc.*, No. C13–518–MJP, 2014 WL 585858, *2 (W.D. Wash. Feb. 14, 2014); *Martin v. United States*, No. C11–01146–JSW, 2012 WL 13572, *10 (N.D. Cal. Jan. 4, 2012). Jenkins clearly raised a personal jurisdiction defense in his first responsive pleading, the motion to dismiss. Dkt. 10 at 16. Therefore, the Court finds that Jenkins did not waive his affirmative defense based on lack of personal jurisdiction.

Second, WIRB argues that even if the 2015 Contract supersedes the 2013 Contract, Jenkins's employment with WIRB had a substantial connection with Washington "by virtue of the 2013 Contract." Dkt. 44 at 3. WIRB specifically refers to the venue clause of the 2013 Contract which designates Washington as the exclusive jurisdiction for any conflict between the parties.

Fed. R. Civ. P. 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Although the plaintiff may not "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

797, 800 (9th Cir. 2004) (citations omitted). If the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id*.

Where there are no applicable federal statutes governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Schwarzenegger*, 374 F.3d at 800 (citations omitted). Because Washington's long-arm statute mirrors the federal due process requirements, the jurisdictional analysis under state law and federal law are the same. RCW 4.28.185.

To exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant must have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Due process is satisfied if either "general" or "specific" jurisdiction is established over the defendant. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

A state may exercise general jurisdiction over a nonresident if the defendant engages in "continuous and systematic general business contacts" that approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801. "This is an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id*.

In contrast, specific jurisdiction will lie "when a case arises out of or relates to the defendant's contacts with the forum state." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th

Cir. 2015). The Ninth Circuit established a three-prong test in determining whether specific jurisdiction exists: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendants' forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden as to the first two prongs, but if both are established, then "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger*, 374 F.3d at 802). However, "[i]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed." *Id*.

In this case, WIRB fails to allege any facts demonstrating Jenkins's "continuous and systematic" business activities in the state of Washington. In fact, WIRB does not dispute that Jenkins's full-time employment from 2012 to 2015 was exclusively within St. Louis, Missouri and that Jenkins's services as WIRB's independent contractor were done in Austin, Texas. Thus, WIRB has failed to make a prima facie case of general jurisdiction.

Next, WIRB argues for specific jurisdiction because the 2013 Contract that the parties entered into creates a substantial connection between Jenkins and Washington. However, this argument is unpersuasive because the Texas Court's ruling rendered the 2013 Contract unenforceable; and therefore, the venue clause which designated Washington as the forum may not be asserted against Jenkins. Furthermore, WIRB does

not present any alternative theories or applicable tests to show how Jenkins purposefully availed himself of the privilege of conducting activities within Washington.

Therefore, since WIRB has failed to carry its burden of establishing jurisdiction, the Court must dismiss WIRB's misappropriation and misuse of trade secrets claims against Jenkins as well.

## III. CONCLUSION

It is hereby **ORDERED** that Defendant's motion to dismiss (Dkt. 39) is **GRANTED**. The Clerk shall enter **JUDGMENT** and close this case.

Dated this 17th day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge